IN THE UNITED STATES DISTRICT COURT

                          FOR THE DISTRICT OF OREGON

                                PORTLAND DIVISION

SKILLFUL DAVIS,

        Petitioner,
                                              Civil No. 07-901-ST
        v.
                                              FINDINGS AND RECOMMENDATION
BRIAN BELLEQUE,

        Respondent.

        Mark Bennett Weintraub
        Assistant Federal Public Defender
        151 W. 7th Avenue, Suite 510
        Eugene, OR 97401

                Attorney for Petitioner

        John R. Kroger
        Attorney General
        Summer R. Gleason
        Assistant Attorney General
        Department of Justice
        1162 Court Street NE
        Salem, Oregon 97310

                Attorneys for Respondent

     1 - FINDINGS AND RECOMMENDATION

STEWART, Magistrate Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 in order to challenge the legality of his underlying state court convictions for Unlawful Racketeering, Forgery, Criminal Possession of a Forged Instrument, Aggravated Theft, and Solicitation to Commit Aggravated Theft. For the reasons that follow, the Amended Petition for Writ of Habeas Corpus (docket #58) should be denied.

## BACKGROUND

Between November 30, 1990 and November 30, 1995, petitioner engaged in the systematic practice of forging and cashing checks throughout Multnomah County, enlisting numerous people to assist him. As a result, petitioner was charged with one count of Racketeering, four counts of Conspiracy to Commit Theft in the First Degree, one count of Conspiracy to Commit Aggravated Theft in the First Degree, four counts of Theft in the First Degree, ten counts of Forgery in the Second Degree, ten counts of Criminal Possession of a Forged Instrument in the Second Degree, 11 counts of Forgery in the First Degree, 11 counts of Criminal Possession of a Forged Instrument in the First Degree, one count of Tampering with a Witness, three counts of Solicitation, three counts of Aggravated Theft in the First Degree, and one count of Attempted Theft in the First Degree. Respondent's Exhibit 102.

2 - FINDINGS AND RECOMMENDATION

Petitioner proceeded to trial, and a jury found him guilty of 12 of the charges, not guilty as to two charges, and hung on the remainder. Trial Transcript, pp. 1288-99. At sentencing, the trial court imposed sentences totaling 156 months of incarceration. Respondent's Exhibit 128, p. 5.

Petitioner filed a direct appeal, but the Oregon Court of Appeals affirmed the trial court's decision without opinion, and the Oregon Supreme Court denied review. *State v. Davis*, 156 Or. App. 640, 978 P.2d 456 (1998), *rev. denied*, 328 Or. 330, 987 P.2d 509 (1999).

Petitioner next filed for post-conviction relief ("PCR") in Marion County which was denied. Respondent's Exhibits 124-129. The Oregon Court of Appeals affirmed the lower court without opinion, and the Oregon Supreme Court denied review. *Davis v. Palmateer*, 210 Or. App. 466, 151 P.3d 960, *rev. denied*, 342 Or. 645, 158 P.3d 508 (2007).

Petitioner filed his Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 on March 3, 2010. In his Amended Petition, petitioner alleges that trial counsel rendered ineffective assistance at sentencing when he failed to: (1) object to upward departure sentences imposed by the court; and (2) object to the court's failure to follow the "Shift to I" rule for consecutive sentences under the Oregon Sentencing Guidelines. Amended Petition (docket #58), p. 3.

3 - FINDINGS AND RECOMMENDATION

Respondent asks the court to deny relief on the Amended Petition because both of these claims are procedurally defaulted, and the PCR trial court's decision is entitled to deference. Because petitioner's ineffective assistance of counsel claims fail on their merits, the court declines to decide the exhaustion issue. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the state.").

## **FINDINGS**

### I.  **Standard of Review**

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct, and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's]

cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id.* at 410. The state court's application of clearly established law must be objectively unreasonable. *Id*. at 409.

## II. Analysis

Both of petitioner's claims take issue with his trial attorney's performance during sentencing. The Ninth Circuit has concluded that a habeas corpus petitioner cannot prevail on an ineffective assistance of counsel claim arising out of a non-capital sentencing proceeding because there is no clearly established federal law on point. *Davis v. Grigas*, 443 F.3d 1155, 1158 (9th Cir. 2006), citing *Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1244 (9th Cir. 2004), *cert. denied*, 546 U.S. 944 (2005); *see also Moses v. Payne*, 555 F.3d 742, 754-55 (9th Cir. 2009) (where no Supreme Court decision squarely addresses an issue, § 2254(d)(1) bars relief). Consequently, petitioner cannot establish that the

cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id.* at 410. The state court's application of clearly established law must be objectively unreasonable. *Id*. at 409.

## II. Analysis

Both of petitioner's claims take issue with his trial attorney's performance during sentencing. The Ninth Circuit has concluded that a habeas corpus petitioner cannot prevail on an ineffective assistance of counsel claim arising out of a non-capital sentencing proceeding because there is no clearly established federal law on point. *Davis v. Grigas*, 443 F.3d 1155, 1158 (9th Cir. 2006), citing *Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1244 (9th Cir. 2004), *cert. denied*, 546 U.S. 944 (2005); *see also Moses v. Payne*, 555 F.3d 742, 754-55 (9th Cir. 2009) (where no Supreme Court decision squarely addresses an issue, § 2254(d)(1) bars relief). Consequently, petitioner cannot establish that the

PCR trial court's decision denying relief on these claims is either contrary to, or an unreasonable application of, clearly established federal law.

Even assuming that the Supreme Court's traditional test for ineffective assistance of counsel as articulated in *Strickland v. Washington*, 466 U.S. 668 (1984), applies to non-capital sentencing proceedings, petitioner would not be entitled to relief in this case. The PCR trial court specifically determined that "[p]etitioner's sentence was legal. Trial counsel was not ineffective for failing to object to petitioner's sentence in the ways enumerated by petitioner." Respondent's Exhibit 128, p. 9. The state court's determination that petitioner's sentence was proper under Oregon state law is not subject to review by this court. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[W]e reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Bains v. Cambra*, 204 F.3d 964, 972 (9th Cir.) ("a federal court is bound by the state court's interpretations of state law."), *cert. denied*, 531 U.S. 1037 (2000), citing *Wainwright v. Goode*, 464 U.S. 78, 84 (1983); *see also Mendez v. Small*, 298 F.3d 1154, 1158 (9th Cir. 2002)("A state court has the last word on the interpretation of state law."), citing *McSherry v. Block*, 880 F.2d 1049, 1052 (9th Cir. 1989), *cert. denied*, 499 U.S. 943 (1991); *Peltier v. Wright*,

6 - FINDINGS AND RECOMMENDATION

15 F3d 860, 862 (1994)("state courts are the ultimate expositors of state law.").

## **RECOMMENDATION**

For the reasons identified above, the Amended Petition for Writ of Habeas Corpus (docket #58) should be denied, and a judgment should be entered dismissing this case with prejudice. The court should decline to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

## **SCHEDULING ORDER**

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due August 23, 2010. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 4th day of August, 2010.

                        s/   Janice M. Stewart
                        Janice M. Stewart
                        United States Magistrate Judge